NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| WILLIAM ATILIO CASTILLO-GONZALEZ, et al.,<br><br>Petitioners,<br><br>v.<br><br>PAMELA J. BONDI, Attorney General,<br><br>Respondent. | No. 23-4010<br><br>Agency Nos.<br>A220-679-044<br>A220-490-421<br>A220-490-422<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 6, 2025[**]
Seattle, Washington

Before: HAWKINS, GOULD, and BUMATAY, Circuit Judges

Petitioner William Atilio Castillo-Gonzalez, his wife, Ana Marina Magana-Villanueva, and their minor daughter M.J.C.-M. (collectively "Petitioners") are

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

1

natives and citizens of El Salvador.[1]  They petition for review of the Board of Immigration Appeals' ("BIA") denial of their applications for asylum, withholding of removal, and protection under the regulations implementing the Convention Against Torture ("CAT").  In cases such as this one, in which the BIA affirms the Immigration Judge's ("IJ") reasoning, we review both decisions but limit our review to the grounds relied upon by the BIA.  *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011).  We deny the petition.

1.  Substantial evidence supports the BIA's finding that Lead Petitioner failed to demonstrate harm or fear of harm on account of a protected ground.  *See Vasquez-Rodriguez v. Garland*, 7 F.4th 888, 893 (9th Cir. 2021) (explaining that the agency's determination of a "persecutor's actual motive is a matter of fact" reviewed for substantial evidence) (internal citation and quotation marks omitted).  Lead Petitioner argues that he has shown nexus to his religion because the MS-13 gang members in El Salvador would not have beaten and intimidated him but for their motivation to discourage him from preaching.  But the IJ found that the gang members were not motivated by Petitioner's religious beliefs, but instead by Petitioner's interference with the gang's recruitment.  The record does not compel

---

[1] Castillo-Gonzalez is the lead petitioner whose asylum application listed the remaining petitioners as derivative beneficiaries.  *See Matter of A-K-*, 24 I. & N. Dec. 275, 279 (BIA 2007).  Magana and M.J.C.-M. filed independent applications for relief and protection from removal based on the same factual claim Castillo made in his application.

2

reversal of the finding of the lack of nexus. Indeed, Lead Petitioner testified that gang members threatened him "[b]ecause they [were] losing gang members who [we] [we]re preaching to." *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (stating that a "desire to be free" from general criminal violence "bears no nexus to a protected ground"). Thus, the BIA reasonably denied Lead Petitioner's asylum and withholding claims. *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1018 (9th Cir. 2023) (noting that where "the agency concludes that the petitioner has not shown *any* nexus whatsoever, then the petitioner fails to establish past persecution for both asylum and withholding").

Contrary to Petitioners' contention, the BIA did not commit legal error in reviewing the IJ's factual finding of motive for clear error and affirming the no-nexus holding. *Santos-Ponce v. Wilkinson*, 987 F.3d 886, 890 (9th Cir. 2021) (explaining that there is no need to distinguish between the nexus standards for asylum and withholding of removal when there is "no nexus at all").

2. Substantial evidence also supports the BIA's affirmance of the IJ's finding that "no evidence … suggest[s]" that the Petitioners would more likely than not be tortured in El Salvador upon their return. *See Almaghzar v. Gonzalez*, 457 F.3d 915, 922 (9th Cir. 2006) (stating that the agency's resolution of CAT claims is reviewed for substantial evidence). Petitioners only argue that the BIA erred by applying the wrong standard of review to the IJ's denial. But that argument runs contrary to the

3

plain language of the BIA's decision, which permissibly concluded that Petitioners "have not identified any clear factual error or legal error." *See Park v. Garland*, 72 F.4th 965, 979 (9th Cir. 2023) (explaining proper standards of review).

**PETITION DENIED.**